■ In the Matter of CHARLES S. LANIER, Appellant, v CHARLES SCULLY, as Superintendent of Green Haven Correctional Facility, Respondent.—In a proceeding pursuant to CPLR article 78 to compel the respondent to provide the petitioner with the services of medical specialists, the petitioner appeals from a judgment of the Supreme Court, Dutchess County (Beisner, J.), dated March 18, 1985, which denied the petition and dismissed the proceeding.

Judgment affirmed, without costs or disbursements.

The petitioner has failed to demonstrate a deliberate indifference by the respondent to his medical needs. Further, he has failed to exhaust his administrative remedies to seek enforcement of his rights under a binding class action stipulation. Lazer, J. P., Bracken, Lawrence and Kooper, JJ., concur.

■ In the Matter of NGEN OCK LEE, Appellant, v RIVERHEAD TOWN BOARD, Respondent.—In a proceeding pursuant to CPLR article 78 to review a determination of the Riverhead Town Board, dated December 21, 1982, denying the petitioner's application for a special permit to operate a "Type 6 Labor Camp" on the subject premises, the petitioner appeals from a judgment of the Supreme Court, Suffolk County (McCaffrey, J.), dated September 26, 1983, which dismissed the proceeding.

Judgment affirmed, without costs or disbursements, without prejudice to a new application for the special permit.

The record supports a finding that the Town Board's denial of the petitioner's application for a special permit to operate a "Type 6 Labor Camp" on the subject premises was properly based upon the fact that the petition and the documentation in support of the application were defective, insufficient and not in conformity with the town's rules and regulations governing the issuance of such a special permit.

Accordingly, although we affirm the judgment, our determination of the appeal is without prejudice to the petitioner submitting a new application for the special permit. Lazer, J. P., Mangano, Bracken and Niehoff, JJ., concur.